UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BENJAMIN ROY WILKINS,

                    Petitioner,

v.

KRISTOPHER TASKILA,

                    Respondent.

_____/

Case No. 1:22-cv-427

Honorable Phillip J. Green

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

Based on the petition and supporting materials, it appears that the petition is untimely.  Although the Court may *sua sponte* dismiss an untimely petition, the Court must afford Petitioner notice of such a dismissal and an opportunity to be heard.  *Day*, 547 U.S. at 210; *Acosta v. Artuz*, 221 F.3d 117, 124 (6th Cir. 2000).  Accordingly, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I.    Factual Allegations

Petitioner Benjamin Roy Wilkins is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility in Carson City, Michigan.  Petitioner pleaded *nolo contendere* in the Montcalm County Circuit Court to a charge of second-degree child abuse, in violation of Mich. Comp. Laws § 750.136b.  In exchange for his plea, a charge of first-degree child abuse was dismissed.  On September 19, 2013, the court sentenced Petitioner as a second habitual offender, Mich. Comp. Laws § 769.10, to a prison term of 10 to 15 years, to be served consecutively to a sentence imposed by the Montcalm County Circuit Court for an offense for which Petitioner was on parole at the time he committed the child abuse.[1]

---

[1] Petitioner attached to his letter petition the register of actions from his criminal case in the Montcalm County Circuit Court. (Register of Actions, ECF No. 1-1, PageID.42–48.) To the extent the facts set forth above are not derived from the letter petition and supporting Michigan Supreme Court application for leave to appeal, they are taken from the register of actions.

On May 1, 2022, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his letter petition May 1, 2022.  (Pet., ECF No. 1, PageID.1.)  The envelope containing the petition was postmarked May 2, 2022.   (ECF No. 1, PageID.21.)  The petition was received by the Court on May 5, 2022. The Court will give Petitioner the benefit of the earliest possible filing date, the date he apparently signed his letter petition, May 1, 2022.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

## II.   Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner sought leave to appeal the judgment of conviction to the Michigan Court of Appeals and then the Michigan Supreme Court.  The Michigan Supreme Court denied his application on July 26, 2016, in all respects except one. The supreme court remanded to the trial court "for consideration of the defendant's issue regarding the assessment of court costs." *People v. Wilkins*, 882 N.W.2d 138 (Mich. 2016).  There is no indication that Petitioner filed a petition for certiorari to the United States Supreme Court.  Instead, Petitioner returned to the trial court to litigate the costs issue.  By order entered August 2, 2017, the trial court denied relief regarding costs. (Register of Actions, ECF No. 1-1, PageID.47–48.)

Thereafter, during December of 2017, Petitioner filed a motion to quash the information.  The trial court promptly denied relief on December 22, 2017.  (*Id.*, PageID.48.)  There is nothing in the records of the trial court, the Michigan Court of Appeals, or the Michigan Supreme Court that suggests Petitioner sought leave to appeal the trial court's resolution of either the costs issue or the motion to quash the information.

On June 4, 2020, Petitioner returned to the trial court and filed a motion for relief from judgment raising the issues he now brings before this Court.  The trial court denied relief by order entered August 26, 2020.  (Register of Actions, ECF No. 1-1, PageID.48.)  Petitioner sought leave to appeal to the Michigan Court of Appeals. That court denied leave by order entered May 6, 2021. *People v. Wilkins*, No. 356413 (Mich. Ct. App. May 6, 2021).  Petitioner filed an application for leave to appeal to the Michigan Supreme Court; however, he attempted to file it too late.  The Michigan Supreme Court rejected the application.

Petitioner's judgment of conviction could not have become final before the trial court's August 2, 2017, order resolving the costs issue.  Petitioner did not seek leave to appeal that issue.  Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under §2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added).  However, such a petitioner is not entitled to also count the 90-day

5

period during which he could have filed a petition for certiorari to the United States Supreme Court.  *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).  Under Michigan law, a party has 6 months in which to appeal a trial court's judgment or order to the Michigan Court of Appeals.  *See* Mich. Ct. R. 7.205(A)(2).  Accordingly, Petitioner's conviction became final on Friday, February 2, 2018**.**  Petitioner had one year from that date, or until Monday, February 4, 2019, in which to file his habeas application.  Petitioner filed on May 1, 2022.  Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

Of course, the date the judgment became final is not the only possible date that would trigger the running of the period of limitation.  Petitioner may claim that he was unaware of the factual predicate of his claim, the trigger set forth in § 28 U.S.C. § 2241(d)(1)(D), until some time after the judgment became final.  Such a claim would be foreclosed by Petitioner's allegations. The crux of his challenge in this Court is that the prosecutor failed to provide a report by a particular doctor.  Petitioner notes, however, that he was aware of that report years before his judgment became final. (ECF No. 1, PageID.12–13; ECF No. 1-1, PageID.28, 29–40.)  Therefore, it appears that the date the judgment became final provides the latest possible date to trigger the running of the period of limitation.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  Giving Petitioner the benefit of every possible doubt, the Court will construe his December 6, 2017, motion to quash the information as an application for collateral review.  That motion remained pending until six months after the trial court denied relief on December 22, 2017, until Friday, June 22, 2018.[2]  Thus, the statute of limitation was tolled at the time the judgment became final.  It did not begin to run until June 22, 2018.  Thereafter, Petitioner had one year, until Monday, June 24, 2019, to file his petition.  But Petitioner failed to file his petition in this Court, or any other application for collateral relief in the state courts, by that date.

Petitioner filed a second application for collateral relief when he filed his motion for relief from judgment in the Montcalm County Circuit Court on June 4, 2020.  But the tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotes omitted).  When

---

[2] In *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016), the Sixth Circuit held that tolling continues until the end of the period in which the petitioner could have appealed the denial of his application for collateral review. As noted above, Petitioner had 6 months to file an application for leave to appeal the denial of his motion to quash the information.

the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*. Thus, Petitioner's motion for relief from judgment would not, absent some other tolling of the period of limitation, render the present petition timely.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403

8

("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).  Accordingly, the petition does not include allegations that suggest Petitioner would be entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him.  *Schlup*, 513 U.S. at 327, 329.  Because Petitioner has wholly failed to provide evidence of his

actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day*, 547 U.S. at 210.  The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

## III.   *In forma pauperis* status

Petitioner has requested leave of court to proceed *in forma pauperis* (ECF No. 7) under 28 U.S.C. § 1915(a)(1).  It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  Accordingly, the Court will grant Petitioner's motion for leave to proceed *in forma pauperis*.

An order consistent with this opinion will be entered.

Dated:   May 19, 2022                                /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge